[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-9007

IN RE: JAMES LONG, JR.,

Debtor,

JAMES LONG, JR.,

Debtor, Appellant,

v.

MATRIX CAPITAL BANK, AS SUBSTITUTED PARTY FOR
FEDERAL NATIONAL MORTGAGE ASSOCIATION;
NEW AMERICA FINANCIAL; HARBOR FINANCIAL,

Creditors, Appellees,

JOHN P. FITZGERALD,

Trustee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

OF THE FIRST CIRCUIT

[Hon. James A. Goodman, U.S. Bankruptcy Judge]
[Hon. James B. Haines, Jr., U.S. Bankruptcy Judge]
[Hon. Gerardo A. Carlo-Altieri, U.S. Bankruptcy Judge]

---

Before

Boudin, <u>Chief Judge</u>,
Selya and Lynch, <u>Circuit Judges</u>.

---

<u>James Long, Jr.</u> on brief pro se.
<u>Jonathan D. White</u> and <u>White and White</u> on brief for appellee
Matrix Capital Bank.

---

August 20, 2001

---

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm, essentially for the reasons set out in the Bankruptcy Appellate Panel's decision dated March 31, 2000.  We add only that with regard to the property tax portion of the claim, the mortgage clearly allows the mortgagee to pay taxes "[i]f . . . there is a legal proceeding that may significantly affect Lender's rights in the Property."  Bankruptcy Appellate Panel Record Appendix, p. 154.  This provision is in accord with that set out in the Restatement (Third) of Property § 2.2 (1997) ("[A] mortgagee may expend funds reasonably necessary for the protection of the security, and may add the sums so expended to the principal amount secured by the mortgage.  Such expenditures may be made . . . (2) to protect against the assertion of liens having priority over the mortgage.").

So far as we can determine from the record, at the time the mortgagee began paying property taxes on the mortgagor's behalf, the Town of Lexington had notified the mortgagee that taxes were overdue and that a tax sale of the property was scheduled.  The contract allowed the mortgagee to pay all taxes due and to add that amount to the loan balance where "a legal proceeding that may significantly

affect Lender's rights in the Property" is instigated.  The Town may have been wrong, or the information may have been out-of-date at the time the mortgagee received it, but clearly the mortgagee was entitled under the contract to pay the disputed taxes.  Long makes no claim that the Town's actions did not constitute a "legal proceeding."

    Affirmed.  1st Cir. Loc. R. 27(c).